UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RYAN HIXON and LAURA HIXON, ) | |
| ) | Case No. 1:20-cv-111 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| C.W. MATTHEWS CONTRACTING ) | |
| COMPANY, NEEL-SCHAFFER, INC., ) | |
| THOMPSON ENGINEERING, INC., ) | |
| JOHN DOE 1, JOHN DOE 2, and JOHN ) | |
| DOES 3–10, ) | |
| ) | |
| *Defendants*. ) | |

# MEMORANDUM OPINION

Before the Court is Plaintiffs Ryan and Laura Hixson's motion to remand. (Doc. 20.) For the following reasons, Plaintiffs' motion to remand will be **GRANTED**.

## I. BACKGROUND

Plaintiffs Ryan and Laura Hixon initiated this action in the Circuit Court for Hamilton County, Tennessee, on March 18, 2020. (*See* Doc. 1-1.) In their complaint, Plaintiffs assert state-law claims against Defendants C.W. Matthews Contracting Company ("C.W. Matthews"), Neel-Schaffer, Inc. ("Neel-Schaffer"), Thompson Engineering, Inc. ("Thompson Engineering), and multiple John Does, alleging that Defendants are liable for the injuries they suffered after a concrete guardrail fell from an overpass and landed on their car. (*See generally id.*) Plaintiffs served Thompson Engineering on March 20, 2020 (Doc. 1-2, at 26), Neel-Schaffer on April 3, 2020 (Doc. 1, at 1), and C.W. Matthews on April 9, 2020 (Doc. 1-2 at 37).

On April 29, 2020, Neel-Schaffer removed the action to this Court. (*See* Doc. 1.) Neel-Schaffer's petition for removal does not state whether C.W. Matthews or Thompson Engineering consented to removal. (*See id*.) However, on May 6, 2020, Thompson Engineering filed its answer, in which it admitted that this Court possesses subject matter jurisdiction and that "this Court is the proper Court to adjudicate matters in this lawsuit." (Doc. 13, at 2.) On May 14, 2020, C.W. Matthews filed its answer, which also admits that this Court has subject matter jurisdiction and that "this Court is a proper Court to adjudicate the matters in this lawsuit." (Doc. 16, at 2.)

On May 27, 2020, Plaintiffs moved to remand this case to state court, arguing that Thompson Engineering and C.W. Matthews failed to timely consent to Neel-Schaffer's removal of this action to federal court. (Doc. 20.) On June 2, 2020, Thompson Engineering and C.W. Matthews filed notices of consent to removal, stating that they consent to Neel-Schaffer's removal of this action to this Court. (Docs. 24, 25.) Plaintiffs' motion to remand (Doc. 20) is now ripe for the Court's review.

## II.   STANDARD OF LAW

Generally, a defendant may remove to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing that the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted).

### III. ANALYSIS

Title 28, United States Code, Section 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action. *See also Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Alternatively stated, "the rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court." *Loftis*, 342 F.3d at 516. Consistent with this rule, the United States Court of Appeals for the Sixth Circuit has held that "all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." *Id*. However, in determining whether the rule of unanimity is satisfied, the Sixth Circuit has held that a defendant can consent to removal by filing an answer that represents that jurisdiction is proper in a United States district court. *Harper*, 392 F.3d at 202. Nonetheless, "[f]ailure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Id*.

In this case, Neel-Schaffer's removal is defective because Thompson Engineering and C.W. Matthews did not timely consent to removal, and Defendants, therefore, did not satisfy the rule of unanimity. Plaintiffs served Thompson Engineering on March 20, 2020 (Doc. 1-2, at 26), and C.W. Matthews on April 9, 2020 (*Id*. at 37). Neel-Schaffer's removal petition did not represent that Thompson Engineering or C.W. Matthews consented to removal (*see* Doc. 1), and although Thompson Engineering and C.W. Matthews did file answers admitting that the Court has subject-matter jurisdiction over this action (Doc. 13, at 2; Doc. 16, at 2), they filed those answers, along with their formal consents to removal (Docs. 24, 25), more than thirty days after

they received a summons with an initial pleading demonstrating that the case may be removed. As a result, Defendants failed to satisfy the rule of unanimity, because Thompson Engineering and C.W. Matthews's consents to removal were untimely. *See Loftis*, 342 F.3d at 516. Because all doubts as to the propriety of removal are resolved in favor of remand, the Court finds that Neel-Schaffer's removal to this Court was defective. Accordingly, the Court will **GRANT** Plaintiffs' motion to remand and **REMAND** this case to the Circuit Court for Hamilton County, Tennessee.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' motion to remand (Doc. 20) is **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**